IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VERNON JAMES EWELL,

    Plaintiff,

v.   CASE NO. 1:11-cv-268-SPM-GRJ

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"). Plaintiff, an inmate at Jefferson C.I., has been granted leave to proceed as a pauper. (Doc. 7.) This case is also before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim upon which relief may be granted.

## Plaintiff's Allegations

Plaintiff's claims stem from his November 2, 2005 Alachua County conviction for dealing in stolen property, for which he was sentenced to 52 months imprisonment. Plaintiff was released from that sentence on June 24, 2009. In 2011, Plaintiff was notified by the Florida Bar that Assistant State Attorney Ralph Grabel, who was

assigned to Plaintiff's case, was ineligible to practice law at the time of Plaintiff's conviction and sentence because he failed to comply with continuing legal education requirements. Plaintiff alleges he was denied due process because Mr. Grabel was not in compliance with Fla. Stat. § 27.18, which permits the state attorney to hire members of the bar. Plaintiff also alleges that as a result, he was illegally detained by the Florida Department of Corrections for the duration of his 52-month sentence. Plaintiff alleges that the public defender failed to adequately represent him because no motion for a new trial or mistrial was filed after Mr. Grabel's ineligibility came to light. Plaintiff has named as defendants the State of Florida, the Florida Bar, the Assistant States Attorney Office, the Public Defender Office, and the Department of Corrections. Plaintiff seeks to have his conviction removed from his record as well as monetary damages. (Doc. 1.)

## Heck v. Humphrey

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

Plaintiff's contention that his conviction violated due process necessarily implies the invalidity of the conviction.   Absent expungement or invalidation of that conviction, Plaintiff's claims are barred by *Heck*.  Plaintiff has indicated in his Complaint that he has <u>not</u> pursued any state court remedies and does not allege that his conviction or sentence has been reversed, declared invalid, or called into question by a federal habeas court.  (Doc. 1.)  Accordingly, because Plaintiff is implying the invalidity of his conviction in the absence of expungement or invalidation of that conviction, his claims are barred by *Heck*.  Notwithstanding the *Heck* issue, it also appears that Plaintiff has failed to exhaust any state court remedies.

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Such dismissal should be without prejudice to Plaintiff re-filing the claims in the event that his conviction is expunged or invalidated.[1]

**IN CHAMBERS**  this 28th day of February 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Plaintiff is advised that should the instant recommendation that his suit be dismissed for failure to state a claim be adopted, it will count as a "strike" under the three-strikes bar of 28 U.S.C. § 1915(g).  This provision provides that if a prisoner has three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he is prohibited from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  A prisoner who is no longer entitled to proceed in forma pauperis must pay the full filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.